UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

MARY ANN YOUNG

      Plaintiff,

  v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

      Defendant.

**DECISION
and
ORDER**

**15-CV-00690-LGF
(consent)**

───────────────────────────────────

APPEARANCES:    LAW OFFICES OF KENNETH A. HILLER
            Attorneys for Plaintiff
            ELIZABETH ANN HUANGS, of Counsel
            6000 Bailey Avenue
            Suite 1A
            Amherst, New York 14226

            JAMES P. KENNEDY
            ACTING UNITED STATES ATTORNEY
            Attorney for Defendant
            KATHRYN SARA POLLACK
            Special Assistant United States Attorney, of Counsel
            Federal Centre
            138 Delaware Avenue
            Buffalo, New York 14202, and

            STEPHEN P. CONTE
            Regional Chief Counsel
            United States Social Security Administration
            Office of the General Counsel, of Counsel
            26 Federal Plaza
            Room 3904
            New York, New York 10278

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On May 17, 2016, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned. (Dkt. No. 14). The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, filed by Plaintiff on December 27, 2015 (Dkt. 9), and by Defendant on February 26, 2016 (Dkt. 12). For the reasons discussed below, Plaintiff's motion is denied and the Commissioner's motion is granted.

## BACKGROUND and FACTS

Plaintiff Mary Ann Young ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying her application for disability benefits for Supplemental Security Income ("SSI") benefits under Title II of the Act, and Social Security Disability Insurance ("SSDI") benefits under Title XVI of the Act, together ("disability benefits"). Plaintiff, born on June 27, 1974 (R. 156), alleges that she became disabled on May 18, 2012, when she stopped working as a result of a petite and grand mal seizure disorder, headaches, learning disability, reading comprehension, depression, irritable bowel syndrome ("IBS"), gastric ulcer, and lumbago (lower back pain) (R. 203).

Plaintiff's application for disability benefits was initially denied by Defendant on October 23, 2012 (R. 84), and, pursuant to Plaintiff's request on November 14, 2012, a hearing was held before Administrative Law Judge Donald T. McDougall ("Judge

McDougall") or ("the ALJ") on December 6, 2013, in Buffalo, New York, at which Plaintiff, represented by Kenneth A. Hiller, Esq. ("Hiller") appeared and testified. (R. 36-81). Vocational expert ("VE") Joe Pierson also appeared and testified. (R. 70-81). The ALJ's decision denying Plaintiff's claim was rendered on May 30, 2014. (R. 16-29). Plaintiff requested review by the Appeals Council, and on June 4, 2015, the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review. (R. 1-3). This action followed on July 31, 2015, with Plaintiff alleging that the ALJ erred by failing to find her disabled. (Dkt. No. 1).

On December 27, 2015, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 9) ("Plaintiff's Memorandum"). Defendant filed, on February 26, 2016, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 12) ("Defendant's Memorandum"). Plaintiff filed a reply to Defendant's motion on the pleadings on March 18, 2016 ("Plaintiff's Reply Memorandum") (Dkt. No. 13). Oral argument was deemed unnecessary.

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

## A. Standard and Scope of Judicial Review

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the factual findings of the Secretary,[2] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

---

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits. *Id.* The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[3] 42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional

---

[3] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

**B.    Substantial Gainful Activity**

The first inquiry is whether the applicant engaged in substantial gainful activity. "Substantial gainful activity" is defined as "work that involves doing significant and productive physical or mental duties" done for pay or profit. 20 C.F.R. § 404.1510(a)(b). Substantial work activity includes work activity that is done on a part-time basis even if it includes less responsibility or pay than work previously performed. 20 C.F.R. §

6

404.1572(a). Earnings may also determine engagement in substantial gainful activity. 20 C.F.R. § 404.1574. In this case, the ALJ concluded Plaintiff had not engaged in substantial gainful activity since May 18, 2012, Plaintiff's alleged onset date of disability. (R. 19). Plaintiff does not contest this finding.

C. **Severe Physical or Mental Impairment**

The second step of the analysis requires a determination whether the disability claimant had a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R. § 404.1509 ("§ 404.1509"), and significantly limits the claimant's ability to do "basic work activities." If no severe impairment is found, the claimant is deemed not disabled and the inquiry ends. 20 C.F.R. § 404.1420(a)(4)(ii).

The Act defines "basic work activities" as "abilities and aptitudes necessary to do most jobs," and includes physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) ("§ 404.1521(b)"), 416.921(b). The step two analysis may do nothing more than screen out *de minimus* claims, *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995), and a finding of a non-severe impairment should be made only where the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on the claimant's ability to work. *Rosario v. Apfel,* 1999 WL 294727, at *5 (E.D.N.Y. March 19, 1999) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856).

In this case, the ALJ determined that Plaintiff suffered from the severe impairments of seizures, lumbago and depression and that Plaintiff's left inguinal hernia status post repair in February 2011 and borderline intellectual functioning were not severe. (R. 13-14). Plaintiff does not contest the ALJ's step two findings.

**D. Listing of Impairments**

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the criteria for disability under Appendix 1 of 20 C.F.R. Pt. 404, Subpt. P ("The Listing of Impairments"), specifically 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 1.04 ("§ 1.04") (Disorders of the spine), 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 11.02 ("§ 11.02") (Epilepsy), 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.04 ("§ 12.04") (Affective Disorders), and 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.06 ("§ 12.06") (Anxiety Related Disorders). (R. 20). Plaintiff does not contest the ALJ's step three findings.

**E. Residual functional capacity**

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv), and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience,

and training.  *Parker*, 626 F.2d 225 at 231.  To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities.  *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981).  Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id.*  An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work.  *Decker*, 647 F.2d at 294.

Plaintiff contends that the ALJ's residual functional capacity assessment of Plaintiff is erroneous as the ALJ substituted the ALJ's own opinion for the opinion of Plaintiff's licensed social worker Ms. Bryn Lyon ("L.S.W. Lyon").  Plaintiff's Memorandum at 24-25. In particular, Plaintiff contends that that the ALJ improperly found L.S.W. Lyon's opinion inconsistent with Plaintiff's Global Assessment of Functioning ("GAF")[4] scores, rejected the opinion of Nurse Practitioner Albert ("N.P. Albert") as opposed to the opinion of consultative examiner Susan Santarpia, Ph.D., ("Dr. Santarpia"), and erred finding that Plaintiff's ability to carry out simple instructions would result in an ability to make simple work-related decisions.  Plaintiff's Memorandum at 24-40.  Defendant maintains that the ALJ's residual functional capacity assessment of Plaintiff is supported by Dr. Santarpia's consultative psychiatric examination of Plaintiff wherein Plaintiff exhibited improved mental functioning, and that  L.S.W. Lyon's finding that Plaintiff was unable to meet

---

[4] "The GAF is a scale promulgated by the American Psychiatric Association [("APA")] to assist in tracking the clinical progress of individuals [with psychological problems] in global terms " *Kohler v. Astrue*, 546 F.3d 260, 262 n.1 (2d Cir. 2008) (internal quotations omitted) (bracketed material added).

competitive standards for work was internally inconsistent with L.S.W. Lyon's findings that Plaintiff had a limited but satisfactory ability to understand, remember and carry out very short and simple instructions, and also inconsistent with Plaintiff's GAF score of 54 indicating Plaintiff had only a moderate mental impairment. Defendant's Memorandum at 18.

In this case, the ALJ found that Plaintiff had the residual functional capacity to perform light work with limitations including no driving, no work around heights or dangerous moving machinery, no work on ropes, ladders or scaffolds, or more than occasional balancing, stooping, kneeling, crouching or crawling, work with detailed or complex instructions, or work requiring concentration or attention to detail for extended periods, and no more than occasional contact with the general public, co-workers or supervisors. (R. 21).

Plaintiff alleges that the ALJ erred in affording less weight to the opinion of L.S.W. Lyon[5] based on the inconsistency between Plaintiff's GAF score and L.S.W. Lyon's opinion that Plaintiff was unable to meet competitive standards for making simple work-related decisions. Plaintiff's Memorandum at 27-28. Although Plaintiff correctly maintains that remand is required in some instances where an ALJ relies on an individual's GAF score as the basis for discrediting a treating physician opinion, remand is necessary only

---

[5] Social Security Ruling 06-03P ("S.S.R. 06-03P") recognizes that "[m]edical sources . . . such as . . . licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists [and the ruling directs ALJs] to use the same factors for evaluation of the opinions of acceptable medical sources to evaluate the opinions of medical sources who are not acceptable medical sources, including licensed social workers." S.S.R. 06-03P, 2006 WL 2329939, at *3 (Aug. 9 2006). L.S.W. Lyon is a licensed medical social worker, and the ALJ was therefore required to evaluate her opinion in accordance with S.S.R. 06-03P. *See Genovese v. Astrue*, 2012 WL 4960355, at *14-15 (E.D.N.Y. Oct. 7, 2012).

in those instances where the ALJ relies on the claimant's GAF score as the sole basis for discounting the opinion. *See Gonzalez v. Colvin*, 2016 WL 4009532, at *5-6 (W.D.N.Y. July 27, 2016) (ALJ was permitted to consider whether the claimant's medical source had assessed limitations that were inconsistent with the claimant's GAF score, but was not permitted to discount the assessment solely on the basis of that inconsistency). Such is not the case here; rather, the ALJ noted that L.S.W. Lyons's assessment of Plaintiff was internally inconsistent with L.S.W. Lyons own evaluations of Plaintiff and with Plaintiff's other recent mental health status examinations. (R. 26). The ALJ's determination to afford less weight to L.S.W. Lyon's opinion on Plaintiff's ability to work did not therefore rely exclusively on Plaintiff's GAF score. Plaintiff's motion on this issue is therefore without merit.

Further, the ALJ's decision to afford less weight to L.S.W. Lyon's opinion that Plaintiff was unable to meet competitive standards for making simple work-related decisions is also supported by substantial evidence in the record. In particular, on April 1, 2014, Dr. Santarpia completed a consultative intelligence examination on Plaintiff and noted that Plaintiff reported that her medication and counseling were helping to control her mental health symptoms, Plaintiff exhibited a euthymic (normal) mood, full range of affect in speech and thought content, intact attention, concentration, and memory. (R. 1112). Dr. Santarpia evaluated Plaintiff with the ability to understand and follow simple directions and instructions, perform simple tasks independently, maintain attention and concentration, maintain a regular schedule, learn new tasks, make appropriate decisions, relate adequately with others and appropriately deal with stress. (R. 1109). Dr. Santarpia also evaluated Plaintiff's Weschler Adult Intelligence Scale Test, Fourth Edition ("WAIS-

11

IV")[6] test results that showed Plaintiff with a full scale IQ score of 77, a lower score than the average of Plaintiff's verbal comprehension, perceptual reasoning, working memory, and processing scores, and relevantly noted that such a discrepancy required viewing Plaintiff's scores with caution (R. 1109), as the discrepancy was likely a result of Plaintiff's poor effort. *Id.* On June 27, 2014, Steve Dofitis, M.D. ("Dr. Dofitis"), a neurologist, completed a Screening and Alcoholism and Drug Addiction Determination questionnaire and evaluated Plaintiff with no limitations to carrying out, understanding and remembering instructions, making simple decisions, and a moderately limited ability to maintain attention and concentration and function in a work-like setting at a consistent pace, findings that Dr. Dofitis opined would restrict Plaintiff's ability to work in jobs that required driving, climbing, heights, and work near water or heavy machinery but not otherwise. (R. 544). The ALJ's residual functional capacity assessment of Plaintiff was therefore supported by substantial evidence in the record. Plaintiff's motion on this issue is without merit.

Plaintiff further contends that the Appeals Council erred by not providing reasons for rejecting the opinion of Ralph H.B. Benedict, Ph.D., ("Dr. Benedict"), a neuropsychologist, that Plaintiff was disabled from employment. Plaintiff's Memorandum at 21. Defendant maintains that the Appeals Council decision, by adopting the decision of the ALJ, is not subject to review by this court. Defendant's Memorandum at 24. Plaintiff's motion on this issue is also without merit. In particular, on June 4, 2015, the Appeals Council reviewed the ALJ's disability determination and found no reason to

---

[6] The WAIS-IV is an IQ test used to measure intelligence and cognitive ability in adults.

overturn the ALJ's decision. (R. 1). Although 20 C.F.R. § 416.1472 provides that "[t]he dismissal of a request for Appeals Council review is binding and not subject to further review," remand is required in instances where the Appeals Council provides no reasoning for accepting the ALJ's decision upon receiving supplemental evidence on Plaintiff's claim from the claimant's treating physician. *See Newbury v. Astrue*, 321 Fed. App'x 16, 17 (2d Cir. 2009) (remand required where ALJ and Appeals Council failed to provide reasons for not crediting assessment of claimant's treating psychiatrist); *Rosas-Nozario v. Colvin*, 2015 WL 5104548, at *3 (W.D.N.Y. Aug. 27, 2015) (Appeals Council obligated to provide explanation for not crediting claimant's treating physician opinion); *Asturias v. Colvin*, 2014 WL 3110028, at *6 (W.D.N.Y. July 7, 2014); *Stadler v. Barnhart*, 464 F. Supp.2d 183, 188 (W.D.N.Y. 2006) (remand where Appeals Council rejected newly admitted treating physician opinion that conflicted with the ALJ's residual functional capacity assessment of claimant). The Act defines treating source as a claimant's own medical source who provides or has provided medical evaluation and treatment and who has an ongoing treatment relationship with a claimant. *See* 20 C.F.R. § 404.1527(a)(2). As Dr. Benedict evaluated Plaintiff only once on April 14, 2014 (R. 1121), he is not considered a "treating source" under the regulations. The Appeals Council was therefore not required to provide a detailed explanation for not crediting the opinion of Dr. Benedict upon reviewing the ALJ's decision. Plaintiff's motion on this issue is therefore denied.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 9) is DENIED; Defendant's motion (Doc. No. 12) is GRANTED. The Clerk of Court is ordered to close the file.

So Ordered.

*s/s  Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	March 1, 2018
	Buffalo, New York